JINA L. CHOI (N.Y. Bar No. 2699718)
STEVEN D. BUCHHOLZ (Cal. Bar No. 202638)
 buchholzs@sec.gov
E. BARRETT ATWOOD (Cal. Bar No. 291181)
 atwoode@sec.gov
WADE RHYNE (Cal. Bar No. 216799)
 rhynew@sec.gov
AMANDA L. STRAUB (N.Y. Bar No. 4396982)
 strauba@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

JOSEPH G. SANSONE (NY Bar No. 4043659)
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-1100

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>GUOLIN MA,<br><br>  Defendant. | Case No.<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT GUOLIN MA |

The Securities and Exchange Commission having filed a Complaint and Defendant Guolin Ma having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $367,387, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $21,986, and a civil monetary penalty of $367,387. Defendant shall satisfy this obligation by paying $756,760 to the Securities and Exchange Commission.

[PROPOSED] FINAL JUDGMENT
AS TO GUOLIN MA                              1                         CASE NO.

1   Defendant may transmit payment electronically to the Commission, which will provide
2   detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from
3   a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.
4   Defendant may also pay by certified check, bank cashier's check, or United States postal money
5   order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

6
7
8
        Enterprise Services Center
        Accounts Receivable Branch
        6500 South MacArthur Boulevard
        Oklahoma City, OK 73169

9    and shall be accompanied by a letter identifying the case title, civil action number, and name of this
10  Court; Guolin Ma as a defendant in this action; and specifying that payment is made pursuant to this
11  Final Judgment.
12   Defendant shall simultaneously transmit photocopies of evidence of payment and case
13  identifying information to the Commission's counsel in this action.  By making the payment,
14  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the
15  funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this
16  Final Judgment to the United States Treasury.
17   The Commission may enforce the Court's judgment for disgorgement and prejudgment
18  interest by moving for civil contempt (and/or through other collection procedures authorized by law)
19  at any time after 14 days following entry of this Final Judgment if Defendant fails to comply with the
20  terms of this Final Judgment.  Defendant shall pay post-judgment interest on any unpaid amounts of
21  disgorgement, prejudgment interest, and penalty due after 14 days of the entry of Final Judgment
22  pursuant to 28 U.S.C. § 1961.
23                                    III.
24   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions
25  to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the
26  Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment
27  interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other

28  [PROPOSED] FINAL JUDGMENT       2      CASE NO.
    AS TO GUOLIN MA

judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 14, 2016

_____
UNITED STATES DISTRICT JUDGE